UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
                                    §
Larry Sydnor                        §   Case No. 13-23931
Barbara Sydnor                      §
                                    §
                                    §
              Debtor(s)             §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was          and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $      as interim compensation and now requests a sum of $         , for a total compensation of $       [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $      , and now requests reimbursement for expenses of $     , for total expenses of $       [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/DEBORAH M. GUTFELD_____
                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 13-23931 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | DEBORAH M. GUTFELD |
|---|---|---|---|---|---|---|
| Case Name: | Larry Sydnor | | | | Date Filed (f) or Converted (c): | 06/10/2013 (f) |
| | Barbara Sydnor | | | | 341(a) Meeting Date: | 08/01/2013 |
| For Period Ending: | 02/04/2014 | | | | Claims Bar Date: | 11/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home Located At 22907 Lawndale Ave., Richton P | 110,000.00 | 0.00 | | 0.00 | FA |
| 2. North Dakota 160 Acres. Debtor Owns With 4 Other Family Mem | 10,442.00 | 6,682.88 | | 4,000.00 | FA |
| 3. Available Cash | 50.00 | 0.00 | | 0.00 | FA |
| 4. Checking Account Xxxx0314 At Jpmorgan Chase Bank, 202 Forest | 735.03 | 0.00 | | 0.00 | FA |
| 5. Checking Account Xxxx4874 At Jpmorgan Chase Bank, 202 Forest | 34.74 | 0.00 | | 0.00 | FA |
| 6. Various Household Furniture | 500.00 | 500.00 | | 0.00 | FA |
| 7. Necessary Wearing Apparel | 600.00 | 0.00 | | 0.00 | FA |
| 8. Fur Coat 17 Years Old | 100.00 | 100.00 | | 0.00 | FA |
| 9. Metlife Insurance Policy Xx6092 Spouse Is Beneficiary | 5,011.66 | 0.00 | | 0.00 | FA |
| 10. Metlife Insurance Policy Xx9619 Spouse Is Beneficiary | 1,610.57 | 0.00 | | 0.00 | FA |
| 11. New York Life Insurance Policy Xx5620 Spouse Is Beneficiary | 2,166.07 | 0.00 | | 0.00 | FA |
| 12. Ira Annuity With New York Life Insurance Accounts Xxxx9736 | 217,736.17 | 0.00 | | 0.00 | FA |
| 13. Morgan Stanley, Account Xxxx3484 | 1,071.11 | 0.00 | | 0.00 | FA |
| 14. 2012 Estimated Federal Tax Refund | 300.00 | 0.00 | | 0.00 | FA |
| 15. Social Security Disability Claim Is Pending. Claim Was Deni | 0.00 | 0.00 | | 0.00 | FA |
| 16. 2006 Dodge Grand Caravan; 137,000 Miles Average Trade In Val | 2,450.00 | 0.00 | | 0.00 | FA |
| 17. 2003 Dodge Stratus V6 R/T 4D; 97,500 Miles; Value Estimate B | 3,000.00 | 650.00 | | 0.00 | FA |
| 18. 2006 Ford Fusion V6 Se 4D; 127,000 Miles; Value Estimate By | 4,375.00 | 2,375.00 | | 0.00 | FA |
| 19. 4 Years Old Lap Top | 50.00 | 0.00 | | 0.00 | FA |
| 20. Timeshare At Summer Bay Resort/Orange Lake, Clermont, Fl And | 1,000.00 | 1,000.00 | | 0.00 | FA |

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-23931 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | DEBORAH M. GUTFELD |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Larry Sydnor | | | | Date Filed (f) or Converted (c): | 06/10/2013 (f) |
| | Barbara Sydnor | | | | 341(a) Meeting Date: | 08/01/2013 |
| For Period Ending: | 02/04/2014 | | | | Claims Bar Date: | 11/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 21. Timeshare At Lake Geneva Vacation Club, Lake Geneva, Wi | 1,000.00 | 1,000.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

|  |  |  |  | Gross Value of Remaining Assets |
| --- | --- | --- | --- | --- |
| TOTALS (Excluding Unknown Values) | $362,232.35 | $12,307.88 | $4,000.00 | $0.00 |
|  |  |  |  | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/2014     Current Projected Date of Final Report (TFR): 06/30/2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-23931 | Trustee Name: | DEBORAH M. GUTFELD |
| Case Name: | Larry Sydnor | Bank Name: | Associated Bank |
|  | Barbara Sydnor | Account Number/CD#: | XXXXXX6383 |
|  |  |  | Checking |
| Taxpayer ID No: |  | Blanket Bond (per case limit): | $100,000.00 |
| For Period Ending: | 02/04/2014 | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/14/13 | 2 | Chase<br>Remitter: Barbara Sydnor and Larry Sydnor | Payment for equity in farmland (asset 2) | 1110-000 | $4,000.00 |  | $4,000.00 |

|  |  |
|---|---|
| COLUMN TOTALS | $4,000.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $4,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $4,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*          Page Subtotals:          $4,000.00          $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6383 - Checking | $4,000.00 | $0.00 | $4,000.00 |
|  | $4,000.00 | $0.00 | $4,000.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $4,000.00 |
| Total Gross Receipts: | $4,000.00 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-23931
Case Name: Larry Sydnor
        Barbara Sydnor
Trustee Name: DEBORAH M. GUTFELD

    Balance on hand                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DEBORAH M. GUTFELD | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses     $_____

    Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Infosource Lp As Agent For | $ | $ | $ |
| 2 | Capital Recovery V, Llc | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE